# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
CHAD N. DENNIE, BAR NO. 8789.

No. 78364

FILED

JUL 05 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF DISBARMENT

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Chad N. Dennie be disbarred based on violations of RPC 1.15 (safekeeping property), RPC 8.1(b) (disciplinary matters), and RPC 8.4 (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Dennie committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the amended complaint are deemed admitted because Dennie failed to answer the amended complaint and a default was entered.[1] SCR 105(2). The record therefore establishes that Dennie violated the above-referenced rules by misappropriating approximately $725,000 of client funds by routinely underpaying his clients

---

[1]The amended complaint and the notice of intent to take a default were served on Dennie through regular and certified mail. The amended complaint, the order appointing the hearing panel chair, and the scheduling order were emailed to Dennie. Dennie attended one telephonic conference on October 23, 2018, and bar counsel spoke with Dennie by phone the day before the hearing and Dennie confirmed that he knew when the hearing was occurring. Yet, Dennie did not appear at the hearing.

19-28690

and overpaying his earned fees. Additionally, Dennie failed to respond to the State Bar's requests for information and letters of investigation. Dennie was temporarily suspended on December 6, 2018. *In re Discipline of Dennie*, Docket No. 77460 (Order Imposing Temporary Suspension and Restricting Handling of Client Funds, Dec. 6, 2018).

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must. . . exercise independent judgment," the panel recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Dennie intentionally violated duties owed to his clients (safekeeping property) and the profession (failing to respond to lawful requests for information by a disciplinary authority). Dennie's clients suffered an actual injury as they did not receive their funds. Dennie's failure to cooperate in the disciplinary investigation harmed the integrity of the profession, which depends on a self-regulating disciplinary system. The baseline sanction for his misconduct, before consideration of aggravating and mitigating circumstances, is disbarment. *See* Standards for Imposing Lawyer Sanction, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2017) ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."). The record supports the hearing panel's findings of no mitigating circumstances and nine aggravating circumstances (prior discipline, dishonest or selfish motive,

pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of conduct, vulnerability of victims, substantial experience in the practice of law, indifference to making restitution, and illegal conduct). Having considered the four factors, we agree with the panel that disbarment is appropriate.

Accordingly, we disbar attorney Chad N. Dennie from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1). Dennie shall pay the costs of the disciplinary proceedings, including $3,000 under SCR 120, within 30 days of the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc: Chair, Southern Nevada Disciplinary Panel
Chad N. Dennie
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court